UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL OLIVERA,<br><br>                    Plaintiff,<br><br>         v.<br><br>MATTHEW CATE, et al.,<br><br>                    Defendants. | No.  2:13-cv-2376 CKD P<br><br><br>ORDER |

Plaintiff , a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.  Since May 2012, plaintiff has been housed at the North Fork Correctional Facility (NFCF) in Sayre, Oklahoma.  (ECF No. 1 at 13.)  His complaint alleges that, after arriving at NFCF, he was placed on lockdown and denied all normal programs for five months, while inmates of other races (plaintiff is Southern Hispanic) were not subject to the lockdown.  (Id. at 14-15.)  Plaintiff names as defendants four high-level CDCR officials, including Secretary Matthew Cate, and seven officials at NFCF.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in

1   this action, any judicial district in which any defendant is subject to the court's personal

2   jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

3          Venue of this action is technically appropriate in the Eastern District of California because

4   the Director of the California Department of Corrections and Rehabilitation (hereafter "CDCR

5   Director") resides in this district.  Nevertheless, the court is transferring this action to Western

6   District of Oklahoma pursuant to 28 U.S.C. § 1404(a) in the interests of justice for the following

7   reasons.

8          It is clear that plaintiff is suing the CDCR officials solely in a respondeat superior

9   capacity.  Additionally, plaintiff is seeking monetary damages only and has not stated a claim for

10  injunctive relief.  As such, the CDCR defendants are subject to be dismissed from this 42 U.S.C.

11  § 1983 action.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979).  Venue would then be

12  improper in this district because no defendant would be found here.  Venue would also be

13  improper because the claims for which plaintiff seeks relief took place in the Western District of

14  Oklahoma. Thus, it is appropriate that those claims be litigated in that district.

15         IT IS THEREFORE ORDERED that this action is transferred to the Western District of

16  Oklahoma.

17  Dated:  February 20, 2014

18

19  2/oliv2376.21c

                                        CAROLYN K. DELANEY
                                        UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

                                        2