UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| ANGEL OLIVERA, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | Case No. CIV-14-162-D |
| MATTHEW CATE et al., | ) ) ) |  |
| Defendants. | ) |  |

## REPORT AND RECOMMENDATION

Angel Olivera, a state prisoner appearing pro se and proceeding *in forma pauperis*, has filed suit under 42 U.S.C. § 1983, challenging the conditions of his confinement at North Fork Correctional Facility ("NFCF") in Sayre, Oklahoma. *See* Am. Compl. (Doc. No. 17). District Judge Timothy D. DeGiusti has referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636. For the reasons that follow, Plaintiff's action should be dismissed without prejudice because he has failed to prosecute his case.

### Background

Plaintiff filed his original Complaint in the U.S. District Court for the Eastern District of California on November 15, 2013. The action was later transferred to the Western District of Oklahoma, where NFCF is located. In late May 2014, Plaintiff filed an amended Application for Leave to Proceed *In Forma Pauperis*, which request the Court granted on June 5, 2014. The Court also informed Plaintiff that

> if he does not desire to incur the monthly payment obligation for the full
> filing fee as detailed [in the Court's Order], he may voluntarily dismiss this

action in accordance with Federal Rule of Civil Procedure 41(a) on or before June 26, 2014, without incurring any fees or costs.

Otherwise, the Court will enter an order directing the agency having custody of Plaintiff to collect and forward such monthly payments to the Clerk of Court whenever the balance of Plaintiff's institutional account(s) exceeds $10.00, until the filing fee is paid in full.

Second Order Granting IFP Appl. (Doc. No. 22) at 2 (emphasis omitted). Plaintiff did not voluntarily dismiss the action by the Court's deadline. *See* Order to Agency (Doc. No. 23) at 1.

After conducting a preliminary review of Plaintiff's Amended Complaint, the Court determined that an investigation and special report were necessary to develop a record sufficient to ascertain whether there are any factual or legal bases for Plaintiff's § 1983 claims. *See* Order Requiring Serv. & Special Report (Doc. No. 24) at 1. By Order dated October 21, 2015, the Court directed Plaintiff to cause a copy of the Order and Amended Complaint, along with a summons, to be served on each of the fifteen Defendants named in the Amended Complaint as follows:

> (a) The Court Clerk is directed to mail Plaintiff the necessary forms for requesting the issuance of summonses. **For service to be made, Plaintiff must complete such forms and return them to the Clerk within 21 days of the date of this Order**.
>
> (b) Because Plaintiff has been granted leave to proceed *in forma pauperis* (Order, Doc. No. 22), the United States Marshals Service ("USMS") is hereby authorized to attempt service on each Defendant for whom Plaintiff properly completes a request for the issuance of summons. *See* Fed. R. Civ. P. 4(c)(3). After making a reasonable effort to serve any such Defendant, the USMS shall file a proof of service indicating whether service was made or not made.
>
> (c) Despite the authorization of the USMS to attempt to accomplish service as set forth in subparagraph (b), service is ultimately Plaintiff's responsibility. Each Defendant must be served with a copy of this Order and the Amended Complaint, along with a summons, within 120 days from

2

> the date of this Order. Unless service is waived, Plaintiff must ensure that a proof of service is filed for each Defendant on or before the expiration of this 120-day time period. *See* Fed. R. Civ. P. 4(d)(4), (*l*), (m). Plaintiff's failure to meet this deadline as to any Defendant could result in the dismissal of the claim(s) against that Defendant. *See* Fed. R. Civ. P. 4(m).

*Id.* at 1-2 (emphasis added).

The Clerk's Office promptly mailed the Order and service forms for fifteen defendants to Plaintiff at his address of record. There is no indication on the Court's docket that Plaintiff did not receive these documents. As of today's date, however, Plaintiff has not returned the service forms to the Clerk's Office or filed any additional documents with this Court.

## Analysis

This Court has inherent authority to clear its "calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "Dismissal for failure to prosecute is a recognized standard operating procedure in order to clear the deadwood from courts' calendars where there has been prolonged and unexcused delay," *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988), or to "sanction a party for failing to . . . comply with local or federal procedural rules," *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation marks omitted). "When dismissing a case without prejudice, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 (internal quotation marks omitted); *accord*

*Robledo-Valdez v. Smelser*, 593 F. App'x 771, 774-75 (10th Cir. 2014) (citing Fed. R. Civ. P. 41(b)).

In October 2015, the Court explained to Plaintiff the actions required of him to serve process on the Defendants so that they could respond to the lawsuit and comply with the Court's order to prepare a Special Report. Plaintiff was warned, however, that his failure to comply with the Court's rules, and to do so by a date certain, may result in his case being dismissed. Despite being given ample opportunity to do so, Plaintiff has not taken the steps necessary to prosecute his case. *See Robledo-Valdez*, 593 F. App'x at 774. Plaintiff's failure to comply with the Court's orders and deadlines leaves the Court unable to "achieve [an] orderly and expeditious" resolution of this action. *Link*, 370 U.S. at 631; *see* LCvR 3.1, 3.2, 3.3(d).

## Recommendation

For the reasons set forth above, the undersigned recommends dismissal of this action without prejudice.

## Notice of Right to Object

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by April 6, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 16th day of March, 2016.

*[signature: Charles B. Goodwin]*

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE